FILED '11 APR 19 15:47 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWARD M. HOUGHTON,                              CV 09-6237-TC

        Plaintiff,                              FINDINGS &
                                                 RECOMMENDATION

   v.

MICHAEL ASTRUE,
Commissioner of Social Security,

        Defendant.

COFFIN, Magistrate Judge:

### BACKGROUND

Plaintiff  brings this action for judicial review of a final decision of the Commissioner of Social Security denying his application for disability insurance benefits.

Plaintiff was 44 years old on the date of his alleged disability onset and 51 years when the ALJ issued his decision. Plaintiff has a general equivalency degree and three years of

1 - FINDINGS & RECOMMENDATION

college and has received vocational rehabilitation services.
Plaintiff was a carpenter, lead carpenter, foreman, and
contractor.

As discussed below, the Commissioner's decision is affirmed.

### STANDARD OF REVIEW

The initial burden of proof rests on the claimant to
establish disability.  Roberts v. Shalala, 66 F.3d 179, 182 (9th
Cir. 1995).  To meet this burden, a claimant must demonstrate an
"inability to engage in any substantial gainful activity by
reason of any medically determinable physical or mental
impairment which can be expected . . . to last for a continuous
period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).
The Commissioner bears the burden of developing the record.
DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision
if the Commissioner applied proper legal standards and the
findings are supported by substantial evidence in the record.  42
U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.
1995).  "Substantial evidence means more than a mere scintilla
but less than a preponderance; it is such relevant evidence as a
reasonable mind might accept as adequate to support a
conclusion."  Id.

The court must weigh all the evidence, whether it supports
or detracts from the Commissioner's decision.  Martinez v.
Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's
decision must be upheld, even if the evidence is susceptible to
more than one rational interpretation.  Andrews, 53 F.3d at 1039-
40.  If the evidence supports the Commissioner's conclusion, the
Commissioner must be affirmed; "the court may not substitute its
judgment for that of the Commissioner."  Edlund v. Massanari, 253
F.3d 1152, 1156 (9th Cir. 2001).

### DISABILITY ANALYSIS

The Commissioner has established a five-step sequential
process for determining whether a person is disabled.  Bowen v.
Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520.  Each
step is potentially dispositive.  The claimant bears the burden
of proof at steps one through four.  See Tacket v. Apfel, 180
F.3d 1094, 1098 (9th Cir. 1999).  The burden shifts to the
Commissioner, at step five, to identify jobs existing in
significant numbers in the national economy that the claimant can
perform.  Id.; see also 20 C.F.R. § 404.1560(c)(2).

Here, at step one, the ALJ found that plaintiff had not
engaged in substantial gainful activity since his alleged onset
of disability;  see 20 C.F.R. § 405.1520(b)

At step two, the ALJ found that plaintiff had the following
severe combination of impairments:  degenerative disc disease of

3 - FINDINGS & RECOMMENDATION

the lumbar spine, degenerative joint disease of the right

shoulder status post surgery, and degenerative joint disease of

both knees with meniscal repair of the left knee and replacement

of the right knee; see 20 C.F.R. § 404.1520(c).

At step three, the ALJ determined that plaintiff's

impairments did not meet or equal the requirements of a listed

impairment; see 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d).

The ALJ assessed plaintiff with the residual functional

capacity (RFC) to

> lift and carry 25 pounds occasionally and 10
> pounds frequently, sit for six hours in an 8
> hour work day, and stand and/walk for two
> hours per work day, with the option to change
> position.  The claimant is limited to
> occasional bending, stooping and climbing
> ladders, ramps,  stairs, or scaffolds, and
> restricted from kneeling, crouching,
> crawling, or working at or above shoulder
> level with his right arm.  He should only
> occasionally bend and/or lift from his waist
> to the floor and should not work on inclines
> or on uneven terrain.

Tr. 27; see 20 C.F.R. §§ 404.1520(e), 404.1545, 404.1567.

At step four the ALJ found that plaintiff was unable to

perform his  past relevant work; see 20 C.F.R. §§

404.1520(a)(4)(iv), 404.1520(f).

However, at step five the ALJ found that there were jobs

that existed in significant numbers in the national economy that

plaintiff could have performed through the date last insured,

including such representative occupations as survey system

4 - FINDINGS & RECOMMENDATION

monitor, patcher, and order clerk; see 20 C.F.R. §§
404.1520(a)(4)(v), 404.1520(g).

## DISCUSSION

On appeal to this court, plaintiff contends the ALJ erred by
(1) failing to give proper weight to  the opinions of plaintiff's
treating medical specialists; (2) failing to properly consider
all of plaintiff's impairments and to properly assess his
subjective allegations of pain;  and (3) failing to sustain his
burden at step five of the sequential evaluation process of
showing that there is other work in the national economy that
plaintiff can perform.

Plaintiff does not directly or in any kind of detail  challenge
the ALJ's credibility determination.  However, in his disability
report, plaintiff alleged disability based on a back surgery,
knee surgeries, and shoulder surgery,  asserting that having
"back pain most of the time" was what limited his ability to
work.  Tr. 79.  Because pain was central to plaintiff's
allegations of disability, a key element of the ALJ's decision
was his credibility determination.  As noted by the ALJ:

> [plaintiff's] complaints of pain are grossly
> exaggerated, apparently based on the
> claimant's desire to work no more than 20
> hours per week, which is simply not supported
> by the objective evidence, which clearly
> indicates the claimant's self-professed
> limitations are not credible and that his
> subjective claims cannot be relied upon to
> determine his true residual functional
> capacity.

5 - FINDINGS & RECOMMENDATION

Tr. 33.

The ALJ put forth a number of legitimate bases for doubting plaintiff's allegations of disabling pain and the unchallenged credibility determination is well supported. See p.p. 5-8 of defendant's brief(#13).

## **Plaintiff's Treating Physicians**

Plaintiff argues that the ALJ erred by failing to give proper weight to the opinions of plaintiff's treating medical specialists.

The relative weight given to the opinion of a physician depends on the physician's opportunity to observe and to get to know the patient as an individual. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). The opinion of a treating physician deserves more weight than that of an examining physician, and a non-examining physician's opinion receives the least weight. Id.; see also Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996). The ALJ must provide adequate reasons, supported by substantial evidence in the record, for rejecting the opinion of a claimant's physician. Lester, 81 F.3d at 830. Depending on the situation, the reasons must be specific and legitimate or clear and convincing. Id.

Further, a doctor's statement about a claimant's ability to work is not a proper medical source opinion, but an

6 - FINDINGS & RECOMMENDATION

administrative finding reserved to the Commissioner. SSR 96-5p.
Disability has both a medical and vocational component. See 20
C.F.R. § 404.1560. Because a medical source does not have the
expertise to comment on the vocational component of disability, a
statement by a medical source that a person is unable to work is
not accorded much weight. See 20 C.F.R. § 404.1527(e)(1). The
ALJ must consider medical opinions about a claimant's condition
and functional limitations, along with all other evidence in the
record, to determine whether a claimant is disabled under the
Social Security Act. SSR 96-5p.

Richard Sandel, M.D., became plaintiff's treating orthopedic
specialist in April, 2001. Plaintiff notes several of Dr.
Sandel's findings as set forth below.

Dr. Sandel completed a report for SAIF in April of 2001
diagnosing plaintiff with a herniated disc at L4-5 with foraminal
encroachment as well as central encroachment and noted that he
had preexisting degenerative disk disease as well as a healed
calcancus fracture on the right side. He did not believe that
plaintiff would be able to return to his prior job and believed
he would be limited to semi-sedentary type work that did not
require him to be on his feet more than 5 to 10 minutes at most.
He precluded plaintiff from repeatedly lifting over ten pounds or
from doing any pushing and pulling of items weighing more than 10
pounds, and he felt that plaintiff would need to get up

frequently from a sitting position.  He noted that both bending and stooping were counterindicated.

Dr. Sandel subsequently completed a functional capacity report for SAIF on October 31, 2002 indicating that plaintiff would be limited to standing or walking for only two hours in an eight hour day and would be limited to sitting no more than three hours in a day for a total of five hours of work activity.

In October of 2002, Dr. Sandel noted that plaintiff was limited to lifting, carrying, pushing or pulling 15 pounds maximum and 10 pounds frequently.  But he again felt that plaintiff would be able to work at best for only five hours a day with only two of those hours involving standing or walking and that plaintiff was disabled from any meaningful work.

Defendant notes that these reports from Dr. Sandel were in response to two of plaintiff's requests for letters supporting his contention that he could not work full-time, and that Dr. Sandel also gave an opinion that contrasted with the above when he signed a letter in September of 2001 releasing plaintiff to train for "typically full-time" work at a light level of exertion.  (Tr. 29, 195-199).  The opinion in this release came between and contradicted the April, 2001 and October, 2002 opinions referred above.

The ALJ is responsible for solving conflicts in the medical record, can rely on the medical evidence as a whole, and is the arbiter with respect to resolving ambiguities in the medical
8 - FINDINGS & RECOMMENDATION

evidence.  Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir.
2008).  The ALJ's findings are consistent with Dr. Sandel's
release and examining physician Dr. Nolan's opinion which was
similar to the RFC the ALJ ultimately gave plaintiff.

As to Dr. Sandel's April 2001 opinion limiting plaintiff to
semi-sedentery work, the ALJ noted that the restrictions were
based on plaintiff's subjective complaints, which, as discussed
above, were not credible.  Tr.29; Tommasetti, 533 F.3d at 1041
(an ALJ may reject a treating physician's opinion if it is based
to a large extent on a claimant's self-reports that have been
properly discounted as incredible).  The ALJ also noted Dr.
Sandel's own later opinion releasing plaintiff to train for light
work, as well as Dr. Pylman's treatment notes showing plaintiff
"being active" and "going to school up to 14 hours per day."  Tr.
29, 392.  Such reasons are specific and legitimate, and ,
moreover, are clear and convincing, and supported by substantial
evidence.

The ALJ also offered more than adequate reasons to reject
Dr. Sandel's opinion that plaintiff was limited to working four
or five hours a day.  The ALJ again noted Dr. Sandel's release
for plaintiff to train for full-time light work, as well as Dr.
Sandel's own treatment note reflecting that plaintiff was
participating in a 30 hour a week computer training program.  Tr.
32. The ALJ also noted that plaintiff solicited Dr. Sandel's
opinion for the purpose of his worker's compensation litigation.

9 - FINDINGS & RECOMMENDATION

Tr. 32.  The ALJ also properly summarized and interpreted the conflicting medical evidence in this case.[1]

Pain specialist Michael Pylman, M.D., opined in a functional capacity letter to SAIF that plaintiff could return to a sedentary job with a work day not exceeding four hours.  The ALJ appropriately gave this opinion little weight as it was inconsistent with Dr. Pylman's overall findings as well as the findings of other physicians . Tr. 32. (Dr. Nolan's contrary opinion is discussed above.)  The ALJ noted that Dr. Pylman's opinion was contradicted by Pylman's earlier opinion that plaintiff could perform light exertional work activity, Dr. Pylman's own treatment notes, Dr. Pylman's conservative treatment of plaintiff,  Dr. Pylman's note  that plaintiff had completed a vocational rehabilitation course that required quite a bit of sitting and studying and that it has been a disappointment that he did not take that further and actually seek employment in that field, and that it appeared that Dr. Pylman seemed to be

---

[1]Plaintiff also argues that physical therapist Brewer's functional capacity report is supportive of Dr. Sandel's opinion.  However, Brewer is not a physician and his report does mention that plaintiff is in the "light "category." Tr. 324.  Plaintiff also argues that the report from Anthony Smith, an M.D. who examined plaintiff for SAIF, supports Dr. Sandel's opinions. However, after his one-time examination, Smith, among other findings,  merely said that he doubts plaintiff is capable of working the same number of hours now that he did prior to the injury.  In addition, the ALJ discussed the opinions of Dr. Matteri and Dr. McGirr.  Tr 29-32. The ALJ did not err in his handling of physical therapist Brewer and Dr. Smith as they relate  to Dr. Sandel because, as discussed in more detail above, the ALJ is responsible for solving conflicts in the medical record, can rely on the medical evidence as a whole, and is the arbiter with respect to resolving ambiguities in the medical evidence. Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008).  Even if the ALJ did err, it was harmless error.

advocating for plaintiff's insurance claim rather than providing
a supportable medical opinion. Tr. 31. The ALJ also stated
that Dr. Pylman noted that plaintiff was being active and going
to school up to 14 hours a day. Tr. 32.

**Consideration of All of Plaintiff's Impairments**

As discussed above, the ALJ found three of plaintiff's
impairments to be severe. Plaintiff asserts that the ALJ did not
consider plaintiff's other impairments that may not be severe
when considered in isolation: severe sleep apnea treated with a
CPAP machine, adult onset diabetes with symptoms of neuropathy,
right heel pain post right calcaneal fracture with evidence of
bony exostosis and hyperesthesia on exam, complaints of shortness
of breath and lower extremity edema in association with a
moderate reversible perfusion defect in his right coronary artery
and possible involvement of his left anterior descending artery,
obesity and depression. However, the ALJ was aware of and
inquired about many of these impairments, see p.p. 15-17 of
defendant's memo (#13), and the fact an ALJ did not discuss an
impairment is not conclusive of the fact it was not considered in
an ALJ's decision. See Veal v. Social Sec. Admin, 618 F.Supp.2d
600 (E.D. Texas, 2009); Lockwood v. Comm'r Soc. Sec. Admin., 616
F.3d 1068, 1072 (9th Cir. 2010). Moreover, plaintiff fails to
identify specific functional limitations resulting from these
impairments (other than pain and fatigue discussed above) and the
11 - FINDINGS & RECOMMENDATION

ALJ considered all the evidence of functional limitations and
reached reasonable conclusions that are supported by the record.
By considering all the evidence of functional limitations, the
ALJ considered all the evidence flowing from each impairment and
from the combination of all impairments.  There is no error, and
if there is, it is  harmless.

**The ALJ Met His Burden at Step Five**

The ALJ met his burden at step five because, as discussed in
detail above, he applied proper legal standards, his findings are
supported by substantial evidence in the record, and his
hypothetical to the vocational expert was appropriate.  See,   42
U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.
1995).

**RECOMMENDATION**

Based on the foregoing, the Commissioner's decision is
affirmed and this action is dismissed.

DATED this $19^T$ day of April, 2011.

Thomas Coffin

United States Magistrate Judge